

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00023-CR

JOEY HUDDLESTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 44,921-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

After a bench trial, Joey Huddleston was convicted of online solicitation of a minor and was sentenced to twenty years' imprisonment.[1]  *See* TEX. PENAL CODE ANN. § 33.021(c) (West Supp. 2016).  In his sole issue on appeal, Huddleston argues that his counsel rendered ineffective assistance by failing to present any mitigating evidence during the punishment phase of his trial. We find that the record does not affirmatively demonstrate counsel's ineffectiveness. Accordingly, we affirm the trial court's judgment.

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).  In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *see also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  The second *Strickland* prong, sometimes referred to as "the prejudice prong," requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different.  *Id.* at 694.

"Failure to satisfy either prong of the *Strickland* test is fatal."  *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Ex parte Martinez*, 195 S.W.3d 713, 730

---

[1]While working as an in-school suspension teacher at Longview High School, Huddleston sent inappropriate messages and pornographic photographs to a minor student.  During punishment, the trial court heard that Huddleston had engaged in similar acts with another minor and had also choked another student.

n.14 (Tex. Crim. App. 2006)). "Thus, we need not examine both *Strickland* prongs if one cannot be met." *Id*. (citing *Strickland*, 466 U.S. at 697). Also, "[i]neffective assistance of counsel claims must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness." *Id.* (citing *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011)).

"We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy." *Id*. (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Id*. (quoting *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002)). "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims." *Id*. (citing *Thompson*, 9 S.W.3d at 813). "'In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect' the reasoning of trial counsel." *Id*. at 813–14 (quoting *Thompson*, 9 S.W.3d at 813–14).

"Only in the rare case 'in which trial counsel's ineffectiveness is apparent from the record' may the appellate court 'address and dispose of the claim on direct appeal.'" *Id*. (quoting *Lopez*, 343 S.W.3d at 143). This is not such a case.

During the punishment phase, Huddleston's counsel directed the trial court to the presentence investigation report, which established that Huddleston had no prior criminal history. He also argued that Huddleston was one of ten children raised by a single mother and noted that

3

Huddleston had recently lost a sibling. Yet, on appeal, Huddleston argues that counsel was ineffective because he "did not call any witnesses or present any other evidence for the court's consideration to mitigate punishment in the case."

Huddleston provides no indication of what mitigating evidence counsel should have presented or if such evidence even existed. We may presume that counsel did not call witnesses during punishment because no one would testify on Huddleston's behalf or because cross-examination of those witnesses might be unfavorable to Huddleston. We may also presume that the only mitigating evidence that existed was the evidence presented by counsel at punishment.

Simply put, the absence of any record demonstrating counsel's reasons for his actions makes it impossible for us to find deficient performance on the part of Huddleston's trial counsel. "Failure to make the required showing of . . . deficient performance . . . defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Accordingly, we overrule Huddleston's sole point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:     October 26, 2016
Date Decided:       October 27, 2016

Do Not Publish